UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT, also known as Presidential Candidate Number P60005535, also known as Presidential Committee/Political Action Committee/Separate Segregated Fund (SSF) Number C00569897, doing business as United Emrits of America,<br><br>Plaintiff,<br><br>vs.<br><br>SENATOR JOHN THUNE, R – North Dakota [sic]; SENATOR SUSAN COLLINS, R – Maine; SENATOR JONI ERNST, R – Iowa; SENATOR LISA MURKOWSKI, R – Alaska; and CONGRESSWOMAN MARJORIE TAYLOR GREENE, R – Georgia,<br><br>Defendants. | 3:25-CV-03015-RAL<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING |

Plaintiff Ronald Satish Emrit filed a pro se lawsuit seeking $45,000,000 against the defendants collectively for negligence, intentional infliction of emotional distress, tortious interference with business relations/contracts, tortious interference with family relations, Civil Rights violations, and violations of constitutional law. Doc. 1. Emrit also filed a motion for leave to proceed in forma pauperis. Docs. 2, 14.

I.      **Motion for Leave to Proceed In Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000).

"An *in forma pauperis* litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts." Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983).

Emrit has filed eight other cases in the District of South Dakota. See Emrit v. Krebs, No. 1:17-CV-01027-CBK (D.S.D. Oct. 12, 2017); Emrit v. The Grammys Awards on CBS, No. 1:24-CV-01001-CCT (D.S.D. Jan. 10, 2024); Emrit v. Jules, No. 3:23-CV-03013-RAL (D.S.D. July 11, 2023); Emrit v. Musk, No. 3:25-CV-03001-RAL (D.S.D. Jan. 10, 2025); Emrit v. Moore, No. 3:25-CV-03014-ECS (D.S.D. July 10, 2025); Emrit v. U.S. Pat. & Trademark Off., No. 3:25-CV-03016-KES (D.S.D. July 10, 2025); Emrit v. Obama, No. 3:26-CV-03010-CCT (D.S.D. Mar. 9, 2026); Emrit v. Walz, No. 3:26-CV-03011-ECS (D.S.D. Mar. 16, 2026). In each case that he has filed in the District of South Dakota, Emrit has moved for leave to proceed in forma pauperis. Five of his previous cases were dismissed on screening. See The Grammy Awards, No. 1:24-CV-01001-CCT at Doc. 5; Jules, No. 3:23-CV-03013-RAL at Doc. 5 at 8 & n.3 (dismissing complaint on screening and recognizing that Emrit had filed separate lawsuits in 15 other districts alleging the same or substantially similar issues); Musk, No. 3:25-CV-03001-RAL at Doc. 13 at 8 & n.2 (dismissing complaint as frivolous and stating that Emrit had filed over a dozen similar lawsuits in other districts alleging the same or substantially similar allegations); Krebs, No. 1:17-CV-1027-CBK at Doc. 19 at 3 (dismissing complaint as patently frivolous and noting that Emrit had filed identical claims in a number of other districts against Secretaries of State and Democratic state parties); U.S. Pat. & Trademark Off., No. 3:25-CV-03016 at Doc. 16 at 5–7 (dismissing Emrit's complaint as frivolous and for failing to state a claim upon which relief may be granted and noting

2

that Emrit had filed identical complaints is at least 22 other districts). Emrit's motions to proceed in forma pauperis remain pending in three cases, but a Public Access to Court Electronic Records (PACER) search reveals that Emrit has filed lawsuits in other districts alleging the same or substantially similar claims as those in each of his remaining pending cases in the District of South Dakota.

"Ronald Satish Emrit, who sometimes styles himself as 'Presidential Candidate Number P60005535,' is a prolific serial filer who has initiated hundreds of federal lawsuits in district courts across the United States[.]" Presidential Candidate Number P60005535 v. U.S. Pat. & Trademark Off., 25-CV-721-DWD, 2025 WL 3525455, at *1 (S.D. Ill. Dec. 9, 2025). "The overwhelming majority of these actions have been dismissed *sua sponte* upon § 1915(e)(2) screening as frivolous, for lack of subject-matter jurisdiction, for improper venue, or for failure to state a claim." Id.; see also Emrit v. Snoop Doggy Dogg, No. 3:26-CV-00007, 2026 WL 1021642, at *2 (D. Alaska Apr. 15, 2026) (stating that a search of Emrit's name in the federal judiciary's Public Access to Court Electronic Records (PACER) on March 19, 2026, produced 1,211 results); Emrit v. Prince George's Cnty. Police Dep't, No. CV 25-249, 2025 WL 2345179, at *2 (W.D. Pa. Aug. 13, 2025) (recounting Emrit's "proclivity for initiating frivolous and vexations litigations on various topics in multiple U.S. District Courts throughout the country." (footnote omitted)); Emrit v. Combs, No. 24-CV-0129, 2024 WL 199548, at *5 (E.D. Pa. Jan. 18, 2024) (noting "Emrit's long and disturbing history of abusing the privilege of being granted *in forma pauperis* status in federal courts to pursue frivolous, non-meritorious, and/or repetitive claims for which he has been sanctioned by other courts[]" and "his propensity to file the same case in more than one federal district court."); Emrit v. Combs, No. 1:24-CV-129, 2024 WL 1115450, at *1 (W.D. Mich. Mar. 14, 2024) (stating that Emrit has filed "hundreds of frivolous legal actions" over the last ten years); Emrit v. Cent. Intel.

3

Agency, No. 3:22-CV-35, 2022 WL 1575999, at *1 (N.D. W. Va. Apr. 1, 2022) ("A well-documented 'serial *pro se* filer' since approximately 2013, Plaintiff Ronald Satish Emrit . . . has initiated more than three hundred civil actions in district courts nationwide, from Maine to Hawaii[]" and has been "deemed a vexatious litigant or subjected to prefiling requirements in multiple district courts across the country." (citation modified)), report and recommendation adopted by 2022 WL 1573175 (N.D. W. Va. May 18, 2022).

Courts have "a duty to deny *in forma pauperis* status to those individuals who have abused the system." In re Sindram, 498 U.S. 177, 180 (1991) (per curiam). Because of Emrit's vexatious and abusive litigation tactics in this district and throughout districts across the United States, this Court has discretion to deny his motion to proceed in forma pauperis even though it appears that he lacks sufficient funds to pay the $405 civil filing fee. See Docs. 2, 14. Judge Schreier recently entered an order directing Emrit to show cause why he should not be enjoined from filing any new lawsuits in the District of South Dakota unless he first obtains court approval, and Emrit's time for responding to the order to show cause has not yet expired. U.S. Pat. & Trademark Off., No. 3:25-CV-03016 at Doc. 16 at 12. Because Emrit's time to respond to the order to show cause has not expired, this Court will grant Emrit's motion for leave to proceed in forma pauperis, Doc. 2, and screen his complaint under 28 U.S.C. §1915(e)(2).

## II.    1915 Screening

### A.    Factual Background

Emrit alleges that he is an indigent, disabled, and unemployed resident of Florida and Maryland. Doc. 1 at 3, ¶ 8. In this action, he brings claims against United States Senators John

Thune,[1] Susan Collins, Joni Ernst, and Lisa Murkowski. Id. at 3, ¶¶ 9–12. He also names now former Congresswoman Majorie Taylor Greene. Id. at 3, ¶ 13. Emrit seeks $45,000,000 in damages from the "defendants collectively referred to as "The Congressional Defendants" for negligence, intentional infliction of emotional distress (IIED), tortious interference with business relations/contracts, tortious interference with family relations, Civil Rights violations, and violations of constitutional law." Id. at 1–2 (emphasis in original omitted).

Emrit's complaint references his past litigation against housing authorities in Florida, Nevada, Arizona, and Texas as well as the United States Attorneys in Pennsylvania and Oregon. Id. at 4–5, ¶¶ 21–27. "After about ten years of trying to obtain a Section 8 Housing VOucher [sic] . . ., [Emrit] still has not been able to obtain a Section 8 Housing Voucher even though he has been diagnosed with bipolar/schizoaffective disorder by . . . over 30 psychiatrists at behavioral institutions in the states of Maryland, Minnesota, Iowa, Texas, Nevada, California, and Florida[.]" Id. at 5, ¶ 28.

Emrit alleges that "defendants are responsible for the 'crazy legislation' being proposed by MAGA Republicans which would negatively affect valuable programs like Medicare and Medicaid." Id. at 2, ¶ 1 (emphasis in original omitted). He contends that the legislation being proposed by defendants would negatively and disproportionately affect African-Americans and other minorities who rely on programs providing EBT/SNAP benefits, Section 8 housing vouchers, and Temporary Assistance to Needy Families (TANF). Id. at 2, ¶ 4. In paragraph 6 of his complaint, Emrit alleges that Senator Collins opposed President Trump's "Big Beautiful Bill," but

---

[1] In the caption of his complaint, Emrit identifies Senator Thune as a Republican Senator from North Dakota. Doc. 1 at 1. In the body of his complaint, he identifies "Senator John Thune of either South Dakota or North Dakota as majority Senate leader as opposed to Rick Scott of Florida." Id. at 3, ¶ 9. Senator Thune represents the state of South Dakota.

he specifically names her as a defendant in paragraph 10 of his complaint. Id. at 2, 3, ¶¶ 6, 10 (emphasis in original omitted). Emrit alleges that Senator Murkowski is "afraid of [President] Trump[,]" but was able to get a "specific provision in the Senate-amended version of The Big Beautiful Bill which would allow Alaskans to hold onto their Medicaid and other benefits." Id. at 2. ¶ 6. According to Emrit, Senator Murkowski "was not brave enough to stand up for Americans that do not live in Alaska[.]" Id. at 3, ¶ 12. Emrit names Senator Ernst as a defendant because she "has made controversial comments about Medicare and Medicaid to her constituents[.]" Id. at 3, ¶ 11.

In count 1, Emrit alleges "defendants have been particularly negligent in protecting valuable programs such as Medicaid and Medicare from the "Crazy MAGA Republicans' in Congress[.]" Id. at 6, ¶ 1. In count 2, Emrit alleges that defendants are liable for tortious interference with business relations because they have not offered him a position at any Maryland college or university as a professor of entertainment law. Id. at 6, ¶ 2. The remaining counts of Emrit's complaint arise out of defendants' alleged refusal to provide Emrit a Section 8 housing voucher. Id. at 6–7, ¶¶ 4-8. Emrit alleges defendants are liable for tortious interference with family relations, intentional infliction of emotional distress, violation of the Equal Protection Clause, violation of the Due Process Clause, and violation of the Privileges and Immunities Clause by not providing him with a Section 8 housing voucher based off the Fair Housing Act and Americans with Disabilities Act. Id.

In his "Prayer for Relief," Emrit seeks punitive, compensatory, and treble damages of $250,000 against each defendant. Id. at 7. He also seeks an injunction mandating that "The Maryland Defendants" provide him a Section 8 housing voucher, but Emrit's complaint does not identify who "The Maryland Defendants" are. Id. at 8. He also seeks an injunction mandating

6

that defendants provide him with EBT/SNAP benefits and help him obtain a job as a disabled professor of entertainment law at the University of Virginia or any college or university in Maryland. Id. at 8–9.

**B.    Legal Standard**

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under § 1915(a), the court must then determine whether the complaint should be dismissed under § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." Williams v. Willits, 853 F.2d 586, 588 (8th Cir. 1988)

(citing <u>Bramlet v. Wilson</u>, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. <u>See Beavers v. Lockhart</u>, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted). <u>Twombly</u> requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); <u>see also Abdullah v. Minnesota</u>, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing <u>Twombly</u>, 550 U.S. at 553-63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." <u>Braden v. Wal–Mart Stores, Inc.</u>, 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation marks removed) (quoting <u>Twombly</u>, 550 U.S. at 556).

### C.    Legal Analysis

#### 1.    Speech or Debate Clause

The United States Constitution provides that "[t]he Senators and Representatives . . . for any Speech or Debate in either House, they shall not be questioned in any other Place." U.S. Const. art. 1, § 6, cl. 1. The Speech or Debate Clause secures the independence of Congress by providing members of Congress with immunity from criminal prosecutions or civil suits that stem from actions taken within the legislative sphere. <u>Eastland v. U.S. Servicemen's Fund</u>, 421 U.S. 491, 501–02 (1975). "Without exception," the Supreme Court of the United States has "read the

8

Speech or Debate Clause broadly to effectuate its purposes." Id. (collecting cases). As one court has explained:

> The Speech or Debate Cause . . . includes within its protections anything generally done in a session of the House by one of its members in relation to the business before it. Thus voting by Members and committee reports are protected and a Member's conduct at legislative committee hearings, although subject to judicial review in various circumstances, as in legislation itself, may not be made the basis for a civil or crimination judgment against a Member because that conduct is within the sphere of legitimate legislative activity.

Smith v. Eagleton, 455 F. Supp. 403, 405 (W.D. Mo. 1978) (citation modified).

Emrit's complaint, arises at least in part, from defendants' actions within the "sphere of legitimate legislative activity." Doe v. McMillian, 412 U.S. 306, 311–12 (1973); Doc. 1 at 1, ¶¶ 1, 4-6; 6, ¶ 1. Thus, defendants are absolutely immune under the Speech or Debate Clause for such actions. Smith, 455 F. Supp. at 405 ("Once it is determined that members of Congress are acting within their legitimate sphere of activity, the Speech and [sic] Debate clause affords 'absolute' protection from outside challenge." (citation omitted)). To the extent Emrit seeks relief based on actions within the scope of the Speech or Debate Clause, Emrit's complaint is dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), and (iii).

### 2. Failure to State a Claim

Under 28 U.S.C. § 1915(e)(2)(B)(i) "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted[.]" While a complaint "does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Here, Emrit seeks relief from members of Congress based on their alleged failure to offer him a job at a Maryland college or university and not providing him with a Section 8 housing voucher. Doc. 1 at 6–7, ¶¶ 2, 4–8. But there is no state or federal law that mandates that individual members

9

of Congress assist citizens in obtaining employment or a Section 8 housing voucher. To the extent that Emrit contends that his inability to obtain employment or a Section 8 housing voucher gives rise to a violation of the Fair Housing Act or the Americans with Disabilities Act, members of Congress are not proper defendants. Emrit's purported attempt to raise such claims against members of Congress who have political views different than his is frivolous. A frivolous claim is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim may be dismissed as lacking an arguable basis in law if it is "based on an indisputably meritless legal theory[.]" Id. at 327. Thus, to the extent Emrit alleges claims not precluded by the Speech or Debate Clause, this Court dismisses Emrit's complaint with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)

### 3. Duplicative Litigation

This Court takes judicial notice that Emrit has filed an identical or substantially similar complaint, along with a motion for leave to proceed in forma pauperis, in at least two other jurisdictions: 1:25-CV-00165-DMT-CRH, Doc. 1-1 (proposed complaint), Doc. 1 (IFP motion (D.N.D. July 8, 2025); 8:25-CV-02623-ABA, Doc. 1 (complaint), Doc 2 (IFP motion) (D. Md. Aug. 7, 2025). The District of North Dakota dismissed an identical complaint for lack of subject matter jurisdiction and improper venue. 1:25-CV-00165-DMT-CRH, Doc. 11 (D.N.D. Oct. 27, 2025). Even if Emrit's complaint stated a viable claim for relief, dismissal of his complaint would be proper because it is duplicative of complaints filed in other jurisdictions. See Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) (affirming dismissal of plaintiff's claims when plaintiff had filed at least thirty separate complaints raising the same or similar issues). "Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time." Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 954 (8th

Cir. 2001) <u>Serlin v. Arthur Andersen & Co.</u>, 3 F.3d 221, 223 (7th Cir. 1993) ("As a general rule, a federal suit may be dismissed for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court." (internal quotation omitted)).

### 4.    Improper Venue

"Under 28 U.S.C. § 1391(b) venue is proper in the judicial district where all defendants reside or in which the claim arose." <u>Resolution Tr. Corp. v. Sullivan</u>, 772 F. Supp. 449, 450 (E.D. Mo. 1991). Although improper venue may be alleged as an affirmative defense, the United States Court of Appeals for the Tenth Circuit has held that "a district court may, in certain limited circumstances . . . dismiss under § 1915 . . . for improper venue, as well as for affirmative defenses." <u>Trujillo v. Williams</u>, 465 F.3d 1210, 1217 (10th Cir. 2006). Emrit does not allege that all the defendants reside in South Dakota, nor does he allege that his claims arose in South Dakota. <u>See</u> Doc. 1. Therefore, even if Emrit did allege a claim upon which relief may be granted, the District of South Dakota is not the proper venue for him to file suit against defendants with the possible exception of Senator Thune.

## III.    Order

Accordingly, it is

ORDERED that Emrit's initial motion to proceed in forma pauperis, Doc. 2, is granted. It is further

ORDERED that Emrit's second motion to proceed in forma pauperis, Doc.14, is denied as moot. It is finally

ORDERED that Emrit's complaint is dismissed with prejudice under 28 U.S.C.

§§ 1915(e)(2)(B)(i), (ii), and (iii).

DATED May 11th, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE